**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2399**

---

ANDREW MIIRO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A74-642-948)

---

Submitted: August 30, 2004          Decided: September 24, 2004

---

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Fatai A. Suleman, AMOROW & KUM, P.A., Takoma Park, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carl H. McIntyre, Jr., Senior Litigation Counsel, John L. Davis, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andrew Miiro, a native and citizen of Uganda, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture.

Miiro first disputes the IJ's negative credibility finding, asserting that he established his eligibility for asylum. Upon our review of the administrative record, we find that substantial evidence supports the IJ's conclusion that Miiro failed to establish eligibility for the relief sought. 8 U.S.C. § 1105a(a)(4) (1994);[*] Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Miiro thus cannot meet the higher standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

Miiro also contends that the Board violated his right to Due Process in declining to grant his motion to submit new evidence on country conditions. We find this contention to be without merit. See Rusu v. INS, 296 F.3d 316, 324 (4th Cir. 2002).

---

[*]We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>